IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRENDAN SCHULTZ, | CIVIL NO. 21-00443 JAO-RT |
| Plaintiff, | |
| vs. | ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION |
| STATE OF HAWAIʻI, DOES 1 THROUGH 100, | |
| Defendants. | |

## ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION

Before the Court is pro se Plaintiff Brendan Schultz's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application" or "Application") filed on November 8, 2021. For the following reasons, the Court DISMISSES the Complaint and DENIES the IFP Application. ECF No. 3.

## DISCUSSION

I.    Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as

2

true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiffs' Complaint liberally, *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because Plaintiff's claims are barred by the Eleventh Amendment.

"The Eleventh Amendment shields unconsenting states from suits in federal court," *K.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)), and bars individuals from bringing lawsuits against a state or an instrumentality of a state for monetary damages or other retrospective relief. *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016). It "applies regardless of the nature of relief sought and extends to state instrumentalities and agencies." *Krainski v. Nevada ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). Suits against state officials in their official capacities are likewise barred because they constitute

3

suits against the state itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). State law claims asserted in federal court against states, state agencies, and state officials acting in their official capacities are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Cent. Rsrv. Life of N. Am. Ins. Co. v. Struve*, 852 F.2d 1158, 1160–61 (9th Cir. 1988).

Eleventh Amendment immunity is not absolute, however. Congress may abrogate a state's immunity, or a state may waive immunity. *See Clark v. California*, 123 F.3d 1267, 1269 (9th Cir. 1997). In addition, under the *Ex parte Young* exception to Eleventh Amendment immunity, "private individuals may sue state officials in federal court for *prospective* relief from ongoing violations of federal law, as opposed to money damages, without running afoul of the doctrine of sovereign immunity." *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011)). *Ex parte Young* is based on the proposition "that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." *Va. Office for Prot. & Advocacy*, 563 U.S. at 255. It does not apply "when 'the state is the real, substantial party in interest.'" *Id.* (some internal quotation marks and citation omitted). "A state is deemed to be the real party in interest where 'the judgment sought would . . .

4

interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *Cent. Rsrv.*, 852 F.2d at 1161 (alteration in original) (some internal quotation marks and citation omitted).

Here, Plaintiff asserts violations of his Fifth and Fourteenth Amendment rights because he was not selected to serve on the Hawai'i State Youth Commission.  Insofar as Plaintiff seeks injunctive relief and damages against Defendant State of Hawai'i, his suit is clearly barred by the Eleventh Amendment. Compl. ¶¶ 20–24.  Accordingly, the Complaint is dismissed with prejudice as to Defendant.

Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370.  Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at

all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts." (citation omitted)).

The Court acknowledges that Plaintiff is proceeding pro se and that certain deficiencies could potentially be cured by amendment. In particular, Plaintiff has indicated that there are defendants whose identities he has yet to ascertain, so it is *possible* that his claims would not be barred by the Eleventh Amendment as to those defendants. The Court therefore grants Plaintiff leave to amend his Complaint to identify defendants who are responsible for the alleged harm he suffered. Plaintiff may not add new claims without leave of court, however. If Plaintiff adds defendants, he should be mindful of the Eleventh Amendment limitations set forth above.

Any amended complaint — which should be titled "First Amended Complaint" — must be filed by **December 10, 2021** and must cure the deficiencies identified above. Moreover, Plaintiff is advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.4. As a general rule, an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, if Plaintiff files an amended complaint, the

Complaint no longer serves any function in the case, and any claims that are not included in the amended complaint may be deemed waived. *See id.* at 928.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

II.    IFP Application

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff represents that he receives $1,400.00 in monthly income, that he received $18,000.00 in unemployment income before September 2021,[1] and that he earned $2,250.00 in non-profit consulting income from March to May 2021

---

[1] Because the IFP Application requires Plaintiff to disclose income for the past 12 months, the Court assumes that he received $1,800.00 per month for ten months (from November 2020 to September 2021). Even if Plaintiff only received this income this calendar year, the Court's assessment would not differ.

($750.00 per month).  ECF No. 3.  This means he has received approximately $23,050.00 in income for the past year.  In addition to his income, Plaintiff has $13,630.74 in a checking or savings account, and has monthly expenses totaling $1,800.00.  *Id.*

While not dispositive, Plaintiff's income far exceeds the poverty threshold for a one-person household in Hawaiʻi, which is currently $14,820.00.  *See* Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7732-0185 (Feb. 1, 2021). Factoring the $13,630.74 balance in the bank, and Plaintiff's expenses, the Court concludes that Plaintiff has not sufficiently demonstrated that he lacks the financial resources to pay the filing fee.  *See*, *e.g.*, *Scutt v. Norton*, Civil No. CV 21-00280 JAO-KJM, 2021 WL 3177406, at *1 (D. Haw. July 27, 2021) (denying IFP where the plaintiff's income totaled approximately $29,909.94, her monthly expenses were $3,750.00, she had $2,599.11 in a personal bank account and $4,949.94 in a business bank account, and finding that denial would be appropriate even if the court disregarded the business bank); *Ballering v. Costco Corp.*, Civil No. 20-00535 DKW-RT, 2020 WL 7246907, at *1 (D. Haw. Dec. 9, 2020) (denying IFP to the plaintiff who received $650.00 per month from a pension, funds from an investment account totaling about $20,000.00 annually, $12,500.00 in a checking or savings account, a 2016 Jeep vehicle, approximately $10,000.00 in personal items, and $2,500.00 in monthly expenses).

In assessing Plaintiff's ability to proceed, the Court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). That said, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Id.* (citations omitted); *see also Upton v. Comm'r of Soc. Sec. Admin.*, Case No.: 20cv325-NLS, 2020 WL 886623, at *2 (S.D. Cal. Feb. 24, 2020). Based on the information in the Application, the Court finds that Plaintiff has sufficient funds to pay court costs and still afford the necessities of life.

For these reasons, the Court DENIES Plaintiff's IFP Application. Plaintiff must pay the applicable filing fee by **November 24, 2021**. Failure to do so will result in the dismissal of this action.

## CONCLUSION

In accordance with the foregoing, Court:  (1) DISMISSES the Complaint with leave to amend and (2) DENIES the IFP Application. ECF No. 3. If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1)     The deadline to pay the filing fee is **November 24, 2021**;

9

(2)    The deadline to file an amended complaint is **December 10, 2021**;

(3)    The amended complaint should be titled "First Amended Complaint";

(4)    Plaintiff must cure the deficiencies identified above; and

(5)    Plaintiff may not add new claims without leave of court.

Plaintiff is cautioned that failure to timely pay the filing fee and file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaiʻi, November 10, 2021.

Jill A. Otake
United States District Judge

Civil No. 21-00443 JAO-RT; *Schulz v. State of Hawaii*; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION