IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRENDAN SCHULTZ,<br><br>            Plaintiff,<br><br>    vs.<br><br>STATE OF HAWAI'I, DOES 1<br>THROUGH 100,<br><br>          Defendants. | CIVIL NO. 21-00443 JAO-RT<br><br>ORDER DISMISSING ACTION |

## ORDER DISMISSING ACTION

On November 8, 2021, Plaintiff Brendan Schultz ("Plaintiff") commenced this action and sought leave to proceed in forma pauperis ("IFP"). The Court dismissed the Complaint with leave to amend, denied leave to proceed IFP, and ordered Plaintiff to pay the filing fee by November 24, 2021. ECF No. 6. The Court cautioned that failure to do so would result in the automatic dismissal of this action. *Id.*

To date, Plaintiff has not remitted the filing fee. Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court

order." Fed. R. Civ. P. 41(b); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. *See* Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules. *See* Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's failure to comply with the Court's order, the Court finds that the *Pagtalunan* factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, *see Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quotations omitted)), as does the Court's need to

2

manage its docket. *See id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, there is no risk of prejudice to Defendant, as the Complaint was dismissed and Defendant was not served. Finally, there are currently no less drastic alternatives available. This case cannot proceed without the filing fee.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

For the reasons stated herein, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaiʻi, November 30, 2021.



Jill A. Otake
United States District Judge

Civil No. 21-00443 JAO-RT; *Schulz v. State of Hawaiʻi*; ORDER DISMISSING ACTION